Prob 12B
(2/13)

# UNITED STATES DISTRICT COURT
for the District of Maine

## Request for Modifying the Conditions or Term of Supervision
### With the Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Lamale Lawson aka BISHOP aka KING BISHOP

**Case Number**: 2:18CR00040 & 2:18CR00143

**Sentencing Judicial Officer**: Honorable Jon D. Levy, Chief U.S. District Judge

**Date of Original Sentence**: December 8, 2020

**Original Offense:** Count One: Possession of Firearms by a Felon, in violation of 18 U.S.C. § 922(g)(1) Case No. 2:18-cr-00040-JDL-01; Count One: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and 100 Grams or More of Heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) Case No. 2:18-cr-00143-JDL-04

**Original Sentence:** 84 Months Imprisonment on Count One of the Information, Case No. 2:18-cr-00040-JDL-01, and Count One of the Superseding Indictment, Case No. 2:18-cr-00143-JDL-04, to be served concurrently; Three Years Supervised Release on Count One of the Information, Case No. 2:18-cr-00040-JDL-01, and Four Year of Supervised Release on Count One of the Superseding Indictment, Case No. 2:18-cr-00143-JDL-04, to be served concurrently.

**Type of Supervision**: Supervised Release    **Date Supervision Commenced:** February 06, 2023

## PETITIONING THE COURT

☐ To extend the term of supervision for ___ years, for a total term of ___ years.
☒ To schedule a Compliance Hearing and Issue a Summons
☒ To modify the conditions of supervision as follows:

Defendant shall submit to testing with a remote alcohol monitoring device that measures breath alcohol content for a period not to exceed 60 days. Defendant shall pay/co-pay for services, directly to the monitoring company, to the supervising officer's satisfaction. Defendant shall not obstruct or tamper, or try to obstruct or tamper, in any way, with any tests. During the remote alcohol testing period, the Court authorizes a search of defendant's geographic location and movements by the probation office via the program's equipment.

### CAUSE

On **February 21, 2023**, Lawson submitted a urine sample for testing that returned presumptive positive for alcohol and marijuana. Upon further inquiry by Supervisory U.S. Probation Officer (SUSPO) Bryce Turgeon, Lawson admitted to the use of alcohol on approximately February 18,

ME Prob 12B
(2/13)

2023. However, he denied the use of marijuana. As such, the test was later sent to the national laboratory, where it confirmed positive for marijuana.

On **March 3, 2023**, Lawson submitted a urine sample for testing that returned presumptive positive for alcohol and marijuana. On the date the sample was submitted, SUSPO Turgeon inquired about any substance use, to which Lawson admitted to the use of alcohol. Further, he admitted he had been consuming alcohol on a daily basis. Although denying the use of any recent marijuana use, Lawson admitted to the use of marijuana edibles on approximately February 18, 2023. The test was later sent to the national laboratory, where the test was confirmed positive for marijuana.

On **March 15, 2023**, Lawson submitted a urine sample for testing that reflected a diluted result. Upon receipt of this result, the undersigned officer explained to Lawson what a dilute sample indicated and instructed him not to consume excessive liquids prior to submitting urine samples for testing.

On **April 6, 2023**, Lawson admitted to consuming marijuana edibles as a means of stress management. On that date, he estimated his last date of use to be **April 3, 2023**.

On **April 10, 2023**, Lawson submitted a urine sample for testing that returned presumptive positive for marijuana. Upon further inquiry by SUSPO Turgeon on April 20, 2023, Lawson advised that he previously admitted to the undersigned officer that he had consumed marijuana edibles approximately two weeks prior.

On **April 19, 2023**, Lawson submitted a urine sample for testing that returned presumptive positive for marijuana. Upon further inquiry by the undersigned officer on April 28, 2023, Lawson advised that his last date of use of marijuana was on **April 26, 2023**.

On **April 28, 2023**, Lawson submitted a urine sample for testing that returned presumptive positive for marijuana. Upon further inquiry from the undersigned officer on May 13, 2023, Lawson advised that he had last used marijuana approximately two weeks prior.

On **May 25, 2023**, Lawson submitted a urine sample for testing that reflected a diluted result. Upon receipt of this result on June 2, 2023, the undersigned officer again reminded Lawson of the drug testing rules regarding excessive fluid consumption. Lawson also disclaimed any marijuana use since April 2023.

On **June 7, 2023**, Lawson submitted a urine sample for testing that reflected a presumptive positive result for marijuana. Upon further inquiry by the undersigned officer on June 16, 2023, Lawson denied the use of marijuana since April 2023. As such, the test was sent to the national laboratory, where it was confirmed positive for marijuana.

On **June 23, 2023**, Lawson submitted a urine sample for testing that reflected a presumptive positive result for marijuana. Upon further inquiry by the undersigned officer on June 30, 2023, Lawson denied the use of marijuana since April 2023. As such, the test was sent to the national laboratory, where it confirmed positive for marijuana.

On **July 10, 2023**, a Protection From Abuse (PFA) order was sought against Lawson for allegedly making harassing statements. This PFA was later extended and is now active until August 6, 2024.

ME Prob 12B
(2/13)

On **August 18, 2023**, Lawson submitted a urine sample for testing that reflected a presumptive positive result for marijuana and alcohol. Upon further inquiry, Lawson admitted to consuming a wine cooler, but disclaimed use of marijuana. As such, the test was later sent to the national laboratory for marijuana confirmation testing. This test confirmed positive for marijuana.

On **August 28, 2023**, Lawson submitted a urine sample for testing that returned presumptive positive for marijuana. When submitting the sample on that date, Lawson admitted to consuming a marijuana edible on approximately **August 26, 2023**.

On **September 8, 2023**, Lawson submitted a urine sample for testing that returned presumptive positive for alcohol. Lawson admitted to consuming one alcoholic beverage on **September 7, 2023**. He further admitted to consuming a marijuana product on **August 31, 2023**.

Lawson failed to report for scheduled drug tests on the following dates: **March 11, 2023, March 16, 2023, April 8, 2023, April 27, 2023, May 20, 2023, June 21, 2023, July 18, 2023, August 26, 2023, and September 5, 2023.**

The Probation Office is recommending that Lawson's conditions of supervisions be modified to include a sixty (60) day period of remote alcohol testing. To date, Lawson has struggled with maintaining compliance in abstaining from alcohol and marijuana. Further, he had previously informed this office in March 2023 that he had been consuming alcohol daily. This condition will allow closer supervision of Lawson and his alcohol use. The defendant is agreeable to the proposed modification, and he has signed the attached Probation Form 49, waiver of hearing to modify conditions of supervision. Additionally, the Probation Office is requesting that a summons be issued, and a compliance hearing be scheduled to further address the ongoing instances of noncompliance.

Respectfully Submitted,

By: _____
Stephanie Bulcamino
U.S. Probation Officer

Reviewed:

_____
Bryce Turgeon
Supervisory U.S. Probation Officer
9/13/2023

ME Prob 12B
(2/13)